OPINION
{¶ 1} Defendant, Jeffrey Curtis, appeals from his conviction and sentence for assault.
 {¶ 2} Defendant and Anthony Jones had been friends for over twenty years, but their relationship soured in the months preceding this incident. On September 11, 2002, at around 2:40 p.m., Defendant went uninvited to Mr. Jones' residence at 73 Fernood Avenue, Dayton. The two men talked and a disagreement over money ensued. Defendant left Jones' residence but returned a few minutes later.
 {¶ 3} Mr. Jones came out onto his porch and saw Defendant with an angry look on his face and running toward him. Mr. Jones grabbed an iron candlestick holder that was on his front porch and yelled for Defendant to stop. Defendant, however, took the candlestick holder away from Jones and hit him twice in the head with it. At that point Mr. Jones pushed Defendant into a large flowerpot and held him down by sitting on him. Meanwhile, one of Mr. Jones' neighbors who witnessed this incident, Rick Waldman, took the candlestick holder away from Defendant.
 {¶ 4} When Mr. Jones asked Defendant if he was finished being aggressive, Defendant responded "Yes." Mr. Jones then let Defendant get up. Almost immediately Defendant grabbed a barstool and chased Jones off the front porch. Jones tried to run but tripped and fell in the yard. Another neighbor who observed all of this, Alisha Bedel, yelled at Defendant to put the barstool down, which he did. When Jones got up off the ground, Defendant hit him in the mouth. After being told police were on their way, Defendant fled the scene. Mr. Jones was taken by ambulance to the hospital where he received stitches for his head wounds.
 {¶ 5} Defendant was charged in Dayton Municipal Court with assault in violation of R.C. 2903.13(A). Following a trial to the court on January 7, 2003, Defendant was found guilty. On February 26, 2003, the trial court sentenced Defendant to one hundred eighty days in jail, but later suspended execution of the sentence pending appeal. On June 17, 2003, we granted Defendant leave to file a delayed appeal.
ASSIGNMENT OF ERROR
 {¶ 6} "The trial court erred by convicting Appellant since the conviction is against the manifest weight of the evidence."
 {¶ 7} A weight of the evidence argument challenges the believability of the evidence; which of the competing inferences suggested by the evidence is more believable or persuasive.State v. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563, unreported. The proper test to apply to that inquiry is the one set forth in State v. Martin (1983), 20 Ohio App.3d 172, 175:
 {¶ 8} "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Accord: State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52.
 {¶ 9} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of facts lost its way in arriving at its verdict. State v. Bradley (October 24, 1997), Champaign App. No. 97-CA-03.
 {¶ 10} Defendant claims that his conviction is against the manifest weight of the evidence but he offers no argument in support of that position. Defendant testified at trial that Jones was the initial aggressor, and that he did not hit Jones with his fist or the candlestick holder until after Jones had pushed him down into the flowerpot and then sat on his chest and refused to get off. This testimony creates a conflict in the evidence, but the credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve.State v. DeHass (1967), 10 Ohio St.2d 230. The trial court, sitting as the trier of fact, did not lose its way in this case simply because it chose to believe the victim's testimony rather than Defendant's, as it was entitled to do.
 {¶ 11} In reviewing this record as a whole we cannot say that the evidence weighs heavily against a conviction, that the trier of fact lost its way, or that a manifest miscarriage of justice has occurred. Defendant's conviction for assault is not against the manifest weight of the evidence.
 {¶ 12} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Fain, P.J. and Young, J., concur.